UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHANNA K. NISHKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1085SNLJ/FRB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER and JUDGMENT

This matter is before the Court on the United States Magistrate Judge's Report and Recommendation [22], filed June 1, 2012.  The plaintiff has filed objections to the Report [23], filed June 15, 2012.

In general, the plaintiff contends that the Magistrate Judge erred in his report by failing to address evidentiary flaws in the Administrative Judge's (ALJ) findings that the plaintiff was not disabled; and thus, not entitled to the disability benefits sought.  Plaintiff contends that the Magistrate Judge, as well as the ALJ, concluded that the plaintiff was noncompliant with her medication without sufficient supporting evidence.  Plaintiff contends that the Magistrate Judge, as well as the ALJ, failed to give proper weight to certain "treating physicians" opinions; and gave improper greater weight to other certain "treating physicians" opinions.  Finally, plaintiff contends that the Magistrate Judge erred in his application of Eighth Circuit caselaw regarding the determination of disability where there is medical evidence of severe mental health issues such as auditory hallucinations and death wishes.

The Court has carefully reviewed the hearing transcript, the ALJ's decision, and the Magistrate Judge's Report and Recommendation.  The Court concurs with the Magistrate Judge's findings that the ALJ reviewed all evidence in accordance with applicable Eighth Circuit law.  The Court further concurs with the Magistrate Judge's findings that substantial evidence in the record as a whole supports the ALJ's credibility assessment of the plaintiff, as well as the conclusion that plaintiff was noncompliant with prescribed medication and that her condition was controllable by adhering to a treatment program.  *See*, Perkins v. Astrue, 648 F.3d. 892, 897 (8th Cir. 2011); *see also*, Polaski v. Heckler, 739 F.2d. 1320 , 1322 (8th Cir. 1984).  The Court further finds that the Magistrate Judge, as well as the ALJ, did not err in reviewing the medical opinions of all the plaintiff's treating and consulting medical caregivers and giving more weight to some opinions and discounting other opinions.  *See*, Davidson v. Astrue, 578 F.3d. 838, 843 (8th Cir. 2009); Heino v. Astrue, 578 F.3d. 873, 879-80 (8th Cir. 209); *see also*, Perkins v. Astrue, at 898-99 (internal citations omitted).  The Court further finds that the ALJ's determination of plaintiff's residual functional capacity (RFC), as well as the Magistrate Judge's review thereof, was consistent with the relevant evidence.  *See*, Jones v. Astrue, 619 F.3d. 963, 971 (8th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [22] is **SUSTAINED, ADOPTED** and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the Commissioner's final decision affirming the ALJ's denial of disability benefits be and is **AFFIRMED**.

**IT IS FINALLY ORDERED** that judgment be and is entered for the defendant and against the plaintiff in this cause of action.

Dated this  26th  day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE